# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>DENNIS M. BARTEL,<br><br>                        Debtor<br><br>ALEXANDRA ACCARDI and<br>BRIAN KENNY,<br><br>                        Plaintiffs<br><br>v.<br><br>DENNIS M. BARTEL,<br><br>                        Defendant | Chapter 7<br>Case No. 05-13134-JR<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 07-1018 |

**MEMORANDUM OF DECISION AND ORDER ON
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

     Plaintiffs Alexandra Accardi and Brian Kenny jointly entered into a contract with the debtor's construction corporation, New Dimensions Construction LLC, for renovation of their home. New Dimensions did not complete the project, leaving the plaintiffs with substantial claims under the contract. The defendant and debtor, Dennis Bartel, was subsequently convicted of larceny for his handling of monies received under this and other contracts. By their complaint in this adversary proceeding, the plaintiffs seek, among other things, (i) a determination that the defendant and debtor, Dennis Bartel, is liable under a piercing-the-corporate veil theory for the debts of New Dimensions, (ii) a determination that their unliquidated claim against him is excepted from discharge under 11 U.S.C. § 523(a)(2)(A), (iii) denial of Bartel's discharge under 11 U.S.C. § 727(a)(4)(A) for knowingly and fraudulently making false statements under oath in his Statement of Financial Affairs, and (iv) denial of Bartel's discharge under § 727(a)(6) for

refusing on the ground of privilege against self-incrimination to respond to a material question approved by the court. The adversary proceeding is before the court on the plaintiffs' motion for summary judgment as to the above matters; Bartel opposes the motion. For the reasons set forth below, the court will deny summary judgment.

**PROCEDURAL HISTORY**

Dennis Bartel filed a petition for relief under chapter 13 of the Bankruptcy Code on April 13, 2005. He subsequently converted his case to one under chapter 11. On April 4, 2006, the court converted his case to one under Chapter 7. The plaintiffs filed the complaint commencing this adversary proceeding on January 15, 2007.

By their motion for summary judgment, filed August 21, 2008, the plaintiffs seek summary judgment on Counts I, II, V (the second),[1] and VII of their complaint. Bartel opposes the motion and, in support of his opposition, has adduced his own affidavit and various exhibits. Bartel also separately moved to deny the motion as untimely because filed after the court-established deadline for filing dispositive motions. After hearing, the court extended the deadline for filing dispositive motions and, accordingly, declined to deny the motion as untimely. The court heard arguments on the merits of the Motion for Summary Judgment on October 21, 2008, and took the matter under advisement.

**SUMMARY JUDGMENT STANDARD**

A party is entitled to summary judgment only upon a showing that there is no genuine

---

[1] By error, the complaint contains two counts numbered V. All references to Count V herein shall be to the second, an objection to discharge under § 727(a)(4)(A).

issue of material fact and that, on the uncontroverted facts, the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Where, as here, the burden of proof at trial would fall on the party seeking summary judgment, that party must support its motion with evidence—in the form of affidavits, admissions, depositions, answers to interrogatories, and the like—as to each essential element of its cause of action. The evidence must be such as would permit the movant at trial to withstand a motion for directed verdict under FED. R. CIV. P. 50(a). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the motion is properly supported, the burden shifts to the adverse party to submit evidence demonstrating the existence of a genuine issue as to at least one material fact. If the adverse party does not so respond, "summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(e); *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989).

In order to prevail on their counts under § 523(a)(2)(A) and § 727(a)(4)(A), the plaintiffs will have to establish scienter and fraudulent intent, and they will seek to do so by inference from circumstantial evidence. When faced with an attempt to establish scienter or specific intent on summary judgment by inference, litigants and courts should keep ever before them a basic rule of summary judgment practice—that "all reasonable inferences from the facts must be drawn in the manner most favorable to the nonmovant," *In re Varrasso*, 37 F.3d 760, 763 (1st Cir. 1994)—and the consequent guidance from *Varrasso*: "[S]ummary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." *Id.*

> Undisputed facts do not always point unerringly to a single, inevitable conclusion. And when facts, though undisputed, are capable of supporting conflicting yet plausible inferences—inferences that are capable of leading a rational factfinder to different outcomes in a litigated matter depending on which of them the factfinder draws—then the choice between those

3

inferences is not for the court on summary judgment.

*Id.* Despite these strictures, state-of-mind issues *can* be resolved at the summary judgment stage, provided the circumstantial evidence "is sufficiently potent to establish fraudulent intent beyond hope of contradiction." *Id.* at 764; *In re Marrama*, 445 F.3d 518, 522 (1st Cir. 2006) ("Evidence of fraud is conclusive enough to support summary judgment in a § 727(a)(2)(A) action when it yields no plausible conclusion but that the debtor's intent was fraudulent."). Still, "courts must be exceptionally cautious in granting *brevis* disposition in such cases . . . especially where . . . the movant bears the devoir of persuasion as to the nonmovant's state of mind." *Id.* at 764.

**Count I:   Piercing the Corporate Veil**

In Count I the plaintiffs seek a determination that Bartel is liable for the debts of New Dimensions Construction LLC. Bartel admits that he owned ninety-eight percent of the equity interest in New Dimensions and that he exercised pervasive control over its affairs, but he denies that he intermingled his own assets and those of the LLC and that he failed to observe corporate formalities. As evidence of the necessary commingling, the plaintiffs have adduced evidence that Bartel on four occasions transferred funds from his own account to the corporation's or from the corporation's account to his own. This, without more, is not sufficient proof of commingling to satisfy the summary judgment standard. Even among those owners of closely-held corporations who most scrupulously respect the distinction between the corporation and themselves, there will be transfers, often many, between the individual and the corporation: payments of salary, loans from the individual to the corporation, repayments of such loans, infusions of capital, dividends, distributions, and reimbursements of the individual for corporate expenses. The crucial question is not merely whether funds moved between the individual and

the corporation but (1) whether the funds of each were kept in separate accounts—by the plaintiffs' own evidence they evidently were—and (2) whether the transfers between the individual's accounts and the corporation's were so accounted for that one may determine what is the corporation's, what is the individual's, and what has occurred between them. The simple evidence cited would not permit the movants to withstand a motion for directed verdict at trial. Summary judgment must therefore be denied as to this count.

**Count II:  Nondischargeability under § 523(a)(2)(A)**

In Count II, the plaintiffs allege that Bartel obtained advances from them on their construction contract by representing to them that the advances would be used for the construction project, but that he made such representations without intent to use the advances for the purposes represented, to their injury. They contend that Bartel's liability to them for such damage is excepted from discharge under § 523(a)(2)(A) as a debt for money obtained by false pretenses, a false representation, or actual fraud. In order to prevail under this subsection, the plaintiffs must prove, among other things, that Bartel made his statements with fraudulent intent. *Palmacci v. Umpierrez*, 121 F.3d 781, 786 (1st Cir. 1997). In his affidavit, Bartel denies that he intended to defraud the plaintiffs. This evidence marginally creates a genuine issue as to a material fact and requires denial of summary judgment as to this count.

**Count V:  Objection to Discharge under § 727(a)(4)(A)**

In Count V the plaintiffs object to discharge under 11 U.S.C. § 727(a)(4)(A) on the basis that Bartel knowingly and fraudulently made false statements under oath in his Statement of Financial Affairs ("SOFA"). Section 727(a)(4)(A) requires denial of discharge if "the debtor

knowingly and fraudulently, in or in connection with the case, made a false oath or account." In the affidavit he filed in opposition to summary judgment, Bartel averred that he prepared his schedules and SOFA with the assistance of his attorney, that he believed at the time that they were true and correct, based on his attorney's advice and instructions, and that any errors therein were unintentional and not made with knowledge that they were false. This statement, though thin and uncorroborated, is nonetheless evidence that creates a genuine issue of material fact as to the scienter and fraudulent intent requirements of § 727(A)(4)(A) and requires denial of summary judgment as to this count.

**Count VII:   Denial of Discharge under § 727(a)(6)**

In Count VII, the plaintiffs object to discharge under § 727(a)(6)(B) on the basis that Bartel refused on the ground of privilege against self-incrimination to respond to a material question approved by the court. Subsection 727(a)(6)(B) requires denial of discharge where a "debtor has refused, in the [bankruptcy] case, on the ground of privilege against self-incrimination, to respond to a material question approved by the court or to testify, after the debtor has been granted immunity with respect to the matter concerning which such privilege was invoked." The court must deny summary judgment as to this count on two grounds. First, the plaintiffs have adduced no evidence, or even alleged, that Bartel was granted immunity as to the subject matter of the questions at issue. Second, the plaintiffs have not shown that the court approved any particular material question. The court's order of August 14, 2007[2] was simply too

---

[2] The order stated: "The debtor is directed to respond to questions the answers to which (a) will provide details regarding matters and facts which the debtor has previously voluntarily disclosed or (b) will not further incriminate him."

general to constitute an approval by the court as to any given material question; it made no determination as to whether a particular question was within the scope of the Fifth Amendment privilege.

## ORDER

For the reasons set forth above, the Plaintiff's Motion for Summary Judgment is hereby denied.

Date: December 23, 2008

*Joel B. Rosenthal*
Joel B. Rosenthal
United States Bankruptcy Judge